UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARAJ KIDWAI,

        Plaintiff,

   v.

ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE,

        Defendant.

Civil Action No. 6-12-cv-01061-RBD-GJK

**ANSWER AND JURY DEMAND**

The defendant St. Matthew's University School of Medicine ("SMU") answers the correspondingly numbered paragraphs of Kidwai's complaint as follows.

### I.  Parties and Personal Jurisdiction

1.     SMU admits that Kidwai is a natural person and that he enrolled at SMU in 2007.  SMU lacks information sufficient to form a belief as to the truth of the allegation that Kidwai presently resides in Spring, Texas.  SMU denies that Kidwai was withdrawn from SMU and denies any remaining allegations of this paragraph.

2.     SMU admits that:  it is a medical school located in the Cayman Islands; its campus address is P.O. Box 30992, Grand Cayman, KYI-1204, Cayman Islands; it has administrative offices at 12124 High Tech Avenue, Suite 350, Orlando, Florida 32817; and it has continuing and systematic contacts with the state of Florida.  SMU denies that it is small and obscure.  SMU admits that some of its students participate in clinical rotations in Florida and that Kidwai participated in some of those.  SMU admits that it conducts business in Florida and does not contest the exercise of personal jurisdiction

over SMU in Florida for purposes of this case.  To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  SMU denies that it breached any contract and denies any remaining allegations of this paragraph.

## II.  Subject Matter Jurisdiction and Venue

3.     SMU does not contest that the Court has subject matter jurisdiction over this case and that venue is proper in this District.  SMU denies the allegation that venue is proper in the United States District Court for the Southern District of Texas, which appears to be a drafting error.

## III.  Statement of Facts

4.     SMU admits that:  SMU is a medical school located on Grand Cayman, Cayman Islands, British West Indies; Kidwai enrolled at SMU as a transfer student from St. George's University Medical School of Grenada in January 2007; SMU ordinarily requires students to pay for ten full semesters of attendance, but because Kidwai transferred after his first semester at another school he was required to pay for only nine; and in 2008 there were no longer private lenders offering loans to SMU students.  SMU denies that tuition was approximately $11,000 per semester and denies that Kidwai paid $86,420 for eight semesters of tuition prior to May 6, 2010.  SMU lacks information sufficient to form a belief as to the truth of the allegations concerning the amounts Kidwai has paid out-of-pocket for tuition, fees and living expenses and the amounts he owes for financial aid he has received.  SMU admits that the change in graduation requirements was made unilaterally but denies that the change was made without adequate notice and denies any remaining allegations of this paragraph.

5.     SMU denies that the United States and England are the only countries in

which SMU students may receive their clinical training, but admits the remaining allegations of this paragraph.

6.      SMU denies that it changed its graduation requirements to add "an additional state medical licensing requirement," because the USMLE is more accurately described as a requirement for medical licensure in the United States, but otherwise admits the allegations of this paragraph.

7.      SMU admits that prior to May 6, 2010, it utilized a comprehensive examination for each core clinical rotation, the NBME, which Kidwai took for each of his five core clinical courses, and which Kidwai failed each time.  SMU denies that Kidwai was given only one year from the completion of his clinical rotations to pass the USMLE Step 2 examinations, but admits the remaining allegations of this paragraph.

8.      SMU admits that:  the options for transferring from one medical school to another vary from one school to the next; some students may find it difficult to transfer; and that SMU does not accept transfer students at a point later than the completion of their second year.  SMU denies any remaining allegations of this paragraph.

9.      SMU admits that:  the change in graduation requirements was announced in May 2010; the change became effective for students graduating on or after August 15, 2010; and Kidwai completed his clinical rotations in April 2011.  SMU, on information and belief, admits that Kidwai passed the USMLE Step 2 Clinical Skills exam and that Kidwai did not pass the Step 2 Clinical Knowledge exam after three attempts.  SMU denies the remaining allegations of this paragraph.

10.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  SMU admits that it has a contractual relationship with

Kidwai, the terms of which may be derived in part from the student handbook and the statements of university policy.  SMU denies any remaining allegations of this paragraph.

11.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  SMU admits that the change in its graduation requirements was a proper exercise of its educational responsibility.  SMU denies any remaining allegations of this paragraph.

12.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  SMU lacks information sufficient to form a belief as to the truth of the allegations of what Kidwai did to examine applicable law before filing his complaint.  SMU admits that its announcement of the change in graduation requirements said, in part, "Going forward, the School will similarly require passing scores on the USMLE Step 2 Clinical Knowledge and Step 2 Clinical Skills as a requirement for graduation. . . . This new graduation requirement will apply to those students whose projected graduation date falls on or after August 15, 2010.  Students will have up to 12 months after the completion of their final clinical rotation to satisfy this requirement. Failure to successfully complete this requirement within the required timeframe . . . or 3 unsuccessful attempts of either the USMLE Step 2 Clinical Knowledge or USMLE Step 2 Clinical Skills examination will result in withdrawal from the University's M.D. program."  SMU denies that the change in graduation requirements was arbitrary and capricious; denies that Kidwai had no opportunity to graduate before the change became effective; and denies any remaining allegations of this paragraph.

13.     SMU admits that the Accreditation Commission on Colleges of Medicine (ACCM) is:  responsible for accrediting medical schools on the Cayman Islands, among

other places; the accrediting commission for SMU; recognized as a legitimate accrediting agency by the United States Department of Education (not the Department of Labor as the complaint alleges); and required to comply with 34 C.F.R. 602, et seq.  SMU denies any remaining allegations of this paragraph.

14.     SMU admits that:  SMU received its accreditation from ACCM in 2007; that accreditation is valid through 2013; as part of its accreditation, SMU is required to comply with ACCM's "Guidelines for Accreditation"; on information and belief, those Guidelines were last amended and presented to the Department of Education in 2009; and the Guidelines require SMU to give ACCM notice when SMU makes a major modification to its curriculum.  SMU denies that the change in its graduation requirements involved a major modification of curriculum; denies that it was required to provide any notice of the change in graduation requirements to ACCM; and denies any remaining allegations of this paragraph.

15.     SMU lacks information sufficient to form a belief as to the truth of the allegations concerning what the Kidwai "believes" or about what Kidwai "has no idea." SMU denies that 34 C.F.R. 602.22(a)(2) requires notice of all changes in curriculum or graduation requirements; denies that it failed to provide reasonable notice to Kidwai or other students of the change in graduation requirements; and denies any remaining allegations of this paragraph.

16.     SMU admits that passing the USMLE Step 2 exams was not a graduation requirement when Kidwai enrolled at SMU in January 2007 and that Section 6.3 of the ACCM guidelines prohibits SMU and other medical schools on Saint Maarten, Nevis, or Saba from accepting transfer students after they have completed two years.  SMU denies

that Kidwai has been dismissed from SMU and denies any remaining allegations of this paragraph.

17.     SMU admits that:  it is a private, for-profit institution; in 2008, after Kidwai enrolled at SMU, there were no longer private lenders offering loans to SMU students; and one reason, among others, why SMU changed its graduation requirements was the desire to be eligible to participate in Title IV financial aid programs.  SMU denies that John Marvin made the alleged statements attributed to him; denies that the change in graduation requirements was arbitrary and capricious; and denies any remaining allegations of this paragraph.

18.     SMU admits that Kidwai has not yet earned a medical degree from SMU. SMU denies that Kidwai has been withdrawn or dismissed from SMU and denies any remaining allegations of this paragraph.

19.     SMU lacks information sufficient to form a belief as to the truth of the allegations concerning any jobs for which Kidwai may have applied or any employment offers Kidwai may have declined.  SMU admits that if SMU had not instituted the new graduation requirement, Kidwai would have been eligible to graduate in April or May of 2011.  SMU denies that it is obligated to issue a diploma to Kidwai and denies any remaining allegations of this paragraph.

### IV.  First Cause of Action:  Breach of Contract Against SMU

SMU repeats and incorporates by reference its responses to the allegations in paragraphs 1-19.

20.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required.  SMU admits that:  Kidwai had, and continues to have, a

contractual relationship with SMU; Kidwai has completed the substantive graduation requirements that were in effect at the time he enrolled at SMU; and those graduation requirements appeared in the catalog through 2009-2010. SMU denies that the change in graduation requirements was arbitrary and capricious or a breach of contract and denies any remaining allegations of this paragraph.

21.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. SMU lacks information sufficient to form a belief as to how much money Kidwai has expended in tuition, fees and living expenses. SMU admits that Kidwai does not yet have a diploma from SMU. SMU denies that the change in graduation was a breach of contract and denies any remaining allegations of this paragraph.

### V.  Second Cause of Action:  Unjust Enrichment Against SMU

SMU repeats and incorporates by reference its responses to the allegations in paragraphs 1-19.

22.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. SMU admits that Kidwai has paid over $100,000 in tuition and fees, which SMU has accepted. SMU denies that it has breached any contract with Kidwai and denies any remaining allegations of this paragraph.

### Affirmative Defenses

1.     Kidwai's complaint fails to state a claim for breach of contract because even if Kidwai's factual allegations were true, SMU's alleged actions were neither arbitrary nor capricious but rather were a proper exercise of its educational responsibility and did not breach any contractual obligation between SMU and Kidwai.

     2.      Kidwai's complaint fails to state a claim for unjust enrichment because it fails to allege that an adequate remedy at law does not exist.

**Jury Demand**

     SMU demands a trial by jury on all claims so triable.

ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE

/s/ Daryl J. Lapp

Daryl J. Lapp, Mass. Bar No. 554980
(Admitted *Pro Hac Vice*)
EDWARDS WILDMAN PALMER LLP
111 Huntington Ave.
Boston, Massachusetts 02199
(617) 239-0100 (telephone)
(617) 227-4420 (facsimile)
dlapp@edwardswildman.com

Joseph D. Rutkowski, Mass. Bar No. 681997
(Admitted *Pro Hac Vice*)
EDWARDS WILDMAN PALMER LLP
111 Huntington Ave.
Boston, Massachusetts 02199
(617) 239-0100 (telephone)
(617) 227-4420 (facsimile)
jrutkowski@edwardswildman.com

Simeon D. Brier, Florida Bar No. 525782
EDWARDS WILDMAN PALMER LLP
525 Okeechobee Blvd., Suite 1600
West Palm Beach, Florida 33401
(561) 833-7700 (telephone)
(561) 655-8719 (facsimile)
sbrier@edwardswildman.com

## CERTIFICATE OF SERVICE

On September 10, 2012, I filed the foregoing document with the Clerk of the Court electronically using CM/ECF, which effectuated service upon counsel of record for each other party.

/s/ Daryl J. Lapp
Daryl J. Lapp, BBO # 554980
(Admitted *Pro Hac Vice*)