# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

MARAJ KIDWAI,

    Plaintiff,

  v.

ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE,

    Defendant.

Civil Action No. 6-12-cv-01061-RBD-GJK

## CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Fed.R.Civ.P. 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE (or date already completed) |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed.R.Civ.P. 26(a)(1) as amended effective December 1, 2000) [Court recommends 30 days after CMR meeting] | October 1, 2012 [14 days after CMR meeting] |
| Certificate of Interested Persons and Corporate Disclosure Statement | Plaintiff filed on July 27, 2012<br><br>Defendant filed on August 1, 2012 |
| Motions to Add Parties or to Amend Pleadings [Court recommends 1 - 2 months after CMR meeting] | October 17, 2012 [one month after CMR meeting |

| **DEADLINE OR EVENT** | **AGREED DATE**<br>**(or date already completed)** |
|---|---|
| Disclosure of Expert Reports<br>[Court recommends last exchange 6 months before trial and 1 - 2 months before discovery deadline to allow expert depositions] | Plaintiff will serve any expert reports by December 12, 2012.<br><br>Defendant will serve any expert reports by February 12, 2013. |
| Discovery Deadline<br>[Court recommends 6 months before trial to allow time for dispositive motions to be filed and decided; all discovery must be commenced in time to be completed before this date] | March 12, 2013<br>[9 months after filing of the complaint] |
| Dispositive Motions, *Daubert*, and *Markman* Motions [Court recommends no less than 5 months before trial] | May 12, 2013 |
| Joint Final Pretrial Statement (*Including* a Single Set of Jointly-Proposed Jury Instructions and Verdict Form (with CD or emailed to chambers_FLMD_Dalton@flmd.uscourts.gov), Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)  Trial Briefs [Court recommends 4 weeks before Final Pretrial Conference] | 4 weeks before Final Pretrial Conference |
| All Other Motions Including Motions *In Limine* [Court recommends 3 weeks before Final Pretrial Conference] | 3 weeks before Final Pretrial Conference |
| Final Pretrial Conference [Court will set a date that is approximately 3 weeks before trial] | Court to set |
| Trial Term Begins<br>[Local Rule 3.05 (c)(2)(E) sets goal of trial within 1 year of filing complaint in most Track Two cases, and within 2 years in all Track Two cases; trial term *must not* be less than 4 months after dispositive motions deadline (unless filing of such motions is waived)]. | October 12, 2013 |
| Estimated Length of Trial  [trial days] | 5 days |
| Jury / Non-Jury | Jury |

| DEADLINE OR EVENT | AGREED DATE<br>(or date already completed) |
|---|---|
| Mediation<br><br>[Absent arbitration, mediation is *mandatory*; Court recommends either 2 - 3 months after CMR meeting, or just after discovery deadline] | Deadline: April 12, 2013 [one month after close of discovery]<br><br>John S. Freud<br>Mediation Solutions, Inc.<br>150 West Flagler Street<br>Suite 2700<br>Miami, FL 33130<br>(305) 371-9120 |
| All Parties Consent to Proceed Before Magistrate Judge | Yes____  No __X__<br><br>Likely to Agree in Future _____ |

**I.** **Meeting of Parties in Person**

Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A), a meeting was held in person on September 17, 2012 at 12:00 p.m. at the offices of defendant's counsel, Edwards Wildman Palmer LLP, 111 Huntington Avenue, Boston, Massachusetts 20199, and was attended by:

| Name | Counsel for |
|---|---|
| Daryl J. Lapp, Joseph D. Rutkowski | Defendant |
| Scott A. Mager | Plaintiff |

**II.** **Pre-Discovery Initial Disclosures of Core Information**

**Fed.R.Civ.P. 26(a)(1)(A) - (D) Disclosures**

The parties agree to exchange information described in Fed.R.Civ.P. 26(a)(1)(A) - (D) by October 1, 2012.

**III.     Electronic Discovery**

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that no party anticipates the disclosure or discovery of ESI in this case other than a small number of e-mail communications, as to which no special discovery procedures are required.

**IV.     Agreed Discovery Plan for Plaintiffs and Defendants**

**A.     Certificate of Interested Persons and Corporate Disclosure Statement**

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current.

**B.     Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03.  The parties will exchange discovery requests in electronic form, as suggested in Local Rule 3.03 (f).

**C.     Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party), and may serve no more than twenty-five interrogatories, including sub-parts.  Absent leave of Court or stipulation of the parties, each deposition is limited to one day of seven hours.

**D.     Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline.

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed.R.Civ.P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, bases, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness.

### F. Confidentiality Agreements

The parties at this time do not contemplate the need for any confidentiality agreements.

### G. Other Matters Regarding Discovery

None.

## VI. Settlement and Alternative Dispute Resolution.

### A. Settlement

The parties agree that settlement is unlikely.

The parties do not request a settlement conference before a United States Magistrate Judge.

### B. Arbitration

The parties do not agree to arbitrate.

### C. Mediation

The parties will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the

Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.

| | |
|---|---|
| Date: <u>October 1, 2012</u> | Date: <u>October 1, 2012</u> |
| <u>/s/ Scott A. Mager</u> | <u>/s/ Daryl J. Lapp</u> |
| Scott A. Mager, Esq. | Daryl J. Lapp – Trial Counsel |
| Fla. Bar No. 768502 | Mass. Bar No. 554980 |
| MAGER LAWYERS, LLC | (Admitted *Pro Hac Vice*) |
| 2300 East Oakland Park Boulevard | EDWARDS WILDMAN PALMER LLP |
| Suite 206 | 111 Huntington Ave. |
| Fort Lauderdale, FL 33306 | Boston, Massachusetts 20199 |
| (954) 763-2800 (telephone) | (617) 239-0100 (telephone) |
| (954) 763-2885 (facsimile) | (617) 227-4420 (facsimile) |
| scott@magerlawyers.com | dlapp@edwardswildman.com |
| | |
| | Joseph D. Rutkowski |
| | Mass. Bar No. 681997 |
| | (Admitted *Pro Hac Vice*) |
| | EDWARDS WILDMAN PALMER LLP |
| | 111 Huntington Ave. |
| | Boston, Massachusetts 20199 |
| | (617) 239-0100 (telephone) |
| | (617) 227-4420 (facsimile) |
| | jrutkowski@edwardswildman.com |
| | |
| | Simeon D. Brier |
| | Florida Bar No. 525782 |
| | EDWARDS WILDMAN PALMER LLP |
| | 525 Okeechobee Blvd., Suite 1600 |
| | West Palm Beach, Florida 33401 |
| | (561) 833-7700 (telephone) |
| | (561) 655-8719 (facsimile) |
| | sbrier@edwardswildman.com |

**America 17109217.3**