UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MARAJ KIDWAI,

          Plaintiff,

   v.

ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE and THE
BOARD OF TRUSTEES OF ST.
MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE,

          Defendants.

Civil Action No. 6-12-cv-01061-RBD-GJK

**AMENDED ANSWER AND JURY DEMAND**

The defendants St. Matthew's University School of Medicine ("SMU") and the

Board of Trustees of St. Matthew's University School of Medicine ("Trustees") answer

the correspondingly numbered paragraphs of Kidwai's amended complaint as follows.

**Nature of the Action**

1.     Defendants admit that the complaint seeks legal and equitable relief, but

deny any remaining allegations of this paragraph.

2.     To the extent the allegations of this paragraph consist of conclusions of

law, no response is required. Defendants admit that the complaint does not involve a

claim over a course grade, but deny any remaining allegations of this paragraph.

3.     To the extent the allegations of this paragraph consist of conclusions of

law, no response is required. Defendants deny that Kidwai is entitled to any damages and

deny any remaining allegations of this paragraph.

4.     To the extent the allegations of this paragraph consist of conclusions of

law, no response is required. Defendants deny any remaining allegations of this paragraph.

5.      To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

6.      To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

7.      Defendants admit that SMU is a privately-owned medical school and that it has less than 500 students, but deny any remaining allegations of this paragraph.

8.      Defendants admit that SMU is not religiously affiliated, but deny any remaining allegations of this paragraph.

9.      Defendants admit that: SMU is a privately-owned for profit medical school located in the Cayman Islands; it has administrative offices in Orlando, Florida; and its corporate ownership is as set forth in Defendant's Certificate of Interested Persons and Corporate Disclosure Statement filed in this action. Defendants deny any remaining allegations of this paragraph.

10.      Defendants admit that: SMU is a medical school located in the Cayman Islands; SMU maintains an Internet website; SMU admits fewer than 90 students in each incoming class; and that each jurisdiction has different requirements for licensure in professional medicine, some requiring additional licensing examinations such as the USMLE prior to licensure to practice professional medicine. Defendants deny any remaining allegations of this paragraph.

11.     Denied.

12.     Defendants lack information sufficient to form a belief as to the truth of the allegations concerning Kidwai's intent in filing this lawsuit. Defendants deny that Kidwai has earned any degree from SMU, that defendants have performed any wrongful acts, that defendants have failed to comply with any contractual agreement with Kidwai, that Kidwai is entitled to any damages, punitive or otherwise, and deny any remaining allegations of this paragraph.

13.     Defendants lack information sufficient to form a belief as to the truth of the allegations concerning Kidwai's intent in filing this lawsuit. Defendants deny that Kidwai is a "former" student at SMU, and deny any remaining allegations of this paragraph.

**The Parties**

14.     Defendants lack information sufficient to form a belief as to the truth of the allegations of this paragraph.

15.     Admitted.

16.     Defendants admit that the Trustees approved the change in graduation requirements which is the principal subject of the complaint, but deny any remaining allegations of this paragraph.

**Allegations Establishing Jurisdiction and Venue**

17.     Defendants admit, upon information and belief, that there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy allegedly exceeds $75,000, but deny any remaining allegations of this paragraph.

18.     Defendants do not contest that the Court has personal jurisdiction over the defendants because SMU does business in Florida and the plaintiff's claims allegedly arise from acts occurring in whole or in part in Florida. Defendants deny any remaining allegations of this paragraph.

19.     Defendants do not contest that the Court has subject matter and personal jurisdiction, but deny any remaining allegations of this paragraph.

20.     Defendants admit that they agreed to waive formal service of the summons and complaint, but deny any remaining allegations of this paragraph.

21.     Defendants do not contest that venue is appropriate in this District.

### General Allegations Common to All Counts

22.     Defendants admit that Kidwai enrolled at SMU as a transfer student from St. George's University Medical School of Grenada in January 2007. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

23.     Defendants admit that they maintain a website accessible at www.stmatthews.edu. Defendants lack information sufficient to form a belief as to the truth of the remaining allegations of this paragraph.

24.     Defendants admit that SMU's website has at times contained information about such things as USMLE exam pass rates, SMU faculty qualifications and credentials, and financial aid processes and availability, and that such information was provided in connection with the recruitment of students. Defendants deny that these representations were made through its Trustees; deny that any representations were false or misleading; and deny any remaining allegations of this paragraph.

- 4 -

25.     Denied.

26.     Defendants deny that they made any misrepresentations and deny any remaining allegations of this paragraph.

27.     Defendants deny that they made any misrepresentations and deny any remaining allegations of this paragraph.

28.     Defendants deny that they made any misrepresentations and deny any remaining allegations of this paragraph.

29.     Defendants deny that Kidwai's anticipated graduation date upon enrollment at SMU was May 2011 and deny any remaining allegations of this paragraph.

30.     Defendants admit that Kidwai matriculated at SMU in January 2007, and that SMU provided Kidwai with a University Catalogue which contained information regarding the SMU curriculum and graduation requirements as they existed at that time, and which were subject to change. Defendants deny that the Catalogue represented a set of requirements, the completion of which would automatically entitle Kidwai to a degree and deny any remaining allegations of this paragraph.

31.     Defendants admit that the Catalogue existed in both electronic and paper form, but deny that the Catalogue contained any misrepresentations and deny any remaining allegations of this paragraph.

32.     Defendants admit that Kidwai matriculated at SMU in January 2007 and that he paid SMU tuition and fees. Defendants lack information sufficient to form a belief as to the truth of the allegations that Kidwai reposed trust and confidence in SMU and that he committed substantial time and academic labor. Defendants deny any remaining allegations of this paragraph.

33.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that SMU's Catalogue contains the quoted statements regarding the responsibilities of the Trustees. Defendants deny any remaining allegations of this paragraph.

34.     Denied.

35.     Denied.

36.     Defendants lack information sufficient to form a belief as to the truth of the allegations regarding when Kidwai secured a subsequent copy of the 2010 handbook and deny any remaining allegations of this paragraph.

37.     Denied.

38.     Defendants lack information sufficient to form a belief as to the truth of the allegations regarding what Kidwai expects defendants to claim or whether Kidwai had any idea what was within the handbook. Defendants deny any remaining allegations of this paragraph.

39.     Defendants admit that SMU published consistent statements regarding its graduation requirements. Defendants lack information sufficient to form a belief as to the truth of the allegations regarding what Kidwai relied on in deciding to seek admission and enroll at SMU and regarding what Kidwai believes to be the terms of any contract between the parties. Defendants deny any remaining allegations of this paragraph.

40.     Defendants admit that SMU's Catalogue contained information regarding the SMU curriculum and graduation requirements and that the Catalogue did not expressly require students to pass the USMLE Step 2 exams. Defendants deny that SMU's website or Catalogue represented that the graduation requirement information

would not change and would not require passing the USMLE Step 2 exams. Defendants deny any remaining allegations of this paragraph.

41.    Denied.

42.    Defendants admit that Kidwai's degree requirements remained unchanged for three years, but deny any remaining allegations of this paragraph.

43.    Defendants admit that, as of May 2010, Kidwai had completed over half of his final clinical rotations and could have been on pace to graduate in April 2011. Defendants lack information sufficient to form a belief as to the truth of the allegations regarding Kidwai's hard work, or his total expenses. Defendants deny any remaining allegations of this paragraph.

44.    Denied.

45.    Defendants admit that in May 2010, the graduation requirements for students due to graduate on or after August 15, 2010 were changed to include passing the USMLE Step 2 exams within three attempts, although defendants subsequently informed plaintiff that he was not limited to three attempts. Defendants admit that the change in requirements was announced in an email communication to students. Defendants deny any remaining allegations of this paragraph.

46.    Defendants admit that students were informed that students graduating on or after August 15, 2010 would be required to meet the USMLE Step 2 exams requirement in order to graduate. Defendants deny that Kidwai had completed his graduation requirements or earned a medical degree at the time the USMLE Step 2 exams graduation requirements were communicated to him, and deny any remaining allegations of this paragraph.

47.     Defendants admit that Exhibit B is a copy of the notice that was sent to students. Defendants deny that either the additional USMLE Step 2 exams requirement or the email communicating the requirement breached any contract between Kidwai and Defendants and deny any remaining allegations of this paragraph.

48.     Denied.

49.     Denied.

50.     Defendants lack information sufficient to form a belief as to the truth of the allegations that Kidwai researched the possibility of transferring to another medical school. Defendants deny any remaining allegations of this paragraph.

51.     Defendants admit that Kidwai had completed the coursework portion of his program and a substantial portion of his clinical rotations, but deny any remaining allegations of this paragraph.

52.     Denied.

53.     Denied.

54.     Defendants admit that Kidwai completed his clinical rotations in April 2011. Defendants deny any remaining allegations of this paragraph.

55.     Defendants deny that SMU has breached any contract with Kidwai and deny any remaining allegations of this paragraph.

56.     Defendants admit that SMU has not granted Kidwai a medical degree. Defendants deny that SMU has breached any contract with Kidwai and deny any remaining allegations of this paragraph.

## Count I: Breach of Contract as Against the Defendant School

57.     Defendants repeat and incorporate by reference their responses to the

allegations in paragraphs 1-56.

58.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that SMU and Kidwai had a contractual relationship, but deny any remaining allegations of this paragraph.

59.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants lack information sufficient to form a belief as to the truth of the allegations regarding what Kidwai relied on in applying to SMU. Defendants admit that SMU and Kidwai had a contractual relationship which included the items set forth in the Catalogue, but deny any remaining allegations of this paragraph.

60.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

61.     Defendants admit that the student handbook states that SMU may change its graduation requirements at any time. Defendants lack information sufficient to form a belief as to the truth of the allegation that Kidwai had not seen a copy of the handbook prior to or during his attendance at SMU. Defendants deny any remaining allegations of this paragraph.

62.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that SMU's Catalogue does not expressly state that SMU's graduation requirements are or are not subject to change. Defendants lack information sufficient to form a belief as to the truth of the allegations that Kidwai has not seen a copy of the SMU handbook prior to or during his attendance at SMU. Defendants deny that they have committed any acts of bad faith and deny any remaining

allegations of this paragraph.

63.     Defendants admit that the requirement of passing the USMLE Step 2 exams did not appear in the SMU Catalogue until after the change was communicated to Kidwai in May 2010. Defendants deny any remaining allegations of this paragraph.

64.     Defendants admit that Kidwai was not notified of the requirement of passing the USMLE Step 2 exams until May 2010, but deny any remaining allegations of this paragraph.

65.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny that they failed to exercise good faith; deny that they lacked authority to change SMU's graduation requirements in the manner they did; and deny any remaining allegations of this paragraph.

66.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny that they breached any agreement with Kidwai and deny any remaining allegations of this paragraph.

67.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

68.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

69.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny that they breached any agreement with Kidwai and deny any remaining allegations of this paragraph.

70.     Denied.

71.     Defendants admit that Kidwai has not withdrawn or been withdrawn from SMU and that Kidwai was informed that he would be permitted more than three attempts to pass the USMLE Step 2 exams. Defendants deny any remaining allegations of this paragraph.

72.     Defendants admit that Kidwai has not withdrawn or been withdrawn from SMU. Defendants deny any remaining allegations of this paragraph.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied.

77.     Denied.

78.     Denied.

**Count II: For Fraud, Fraudulent Inducement to Contract, and Negligent
Misrepresentation as Against the Defendant School**

79.     Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-56.

80.     Denied.

81.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

82.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

83.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

84.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

85.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

86.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

87.     Defendants deny making any misrepresentations and deny any remaining allegations of this paragraph.

**Count III: Breach of Fiduciary Duty as Against the Defendant Board of Trustees**

88.     Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-56.

89.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that SMU is a for-profit entity. Defendants deny that the Trustees have a fiduciary relationship with Kidwai as an adult graduate student of SMU, and deny any remaining allegations of this paragraph.

90.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants lack information sufficient to form a belief as to the truth of the allegation regarding any trust and confidence Kidwai reposed in SMU. Defendants deny any remaining allegations of this paragraph.

91.     Denied.

92.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that the quoted language appears in the Catalogue. Defendants deny that the Trustees owe fiduciary duties to Kidwai as an adult

- 12 -

graduate student of SMU, and deny any remaining allegations of this paragraph.

93.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny that the Trustees owe Kidwai the strictest obligations of trust and confidence and deny any remaining allegations of this paragraph.

94.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants lack information sufficient to form a belief as to the truth of the allegation regarding Kidwai's reliance on unavailable financial aid partners allegedly advertised to him by SMU. Defendants deny any remaining allegations of this paragraph.

## Count IV: For "Reliance" Damages (Promissory Estoppel) and or Enforcement as Against the Defendant School and the Defendant Board of Trustees

95.     Defendants repeat and incorporate by reference their responses to the allegations in paragraphs 1-56.

96.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that SMU did not represent that the USMLE Step 2 exams were a graduation requirement prior to the May 2010 notice. Defendants deny any remaining allegations of this paragraph.

97.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

98.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that SMU did not represent that the USMLE Step 2 exams were a graduation requirement prior to the May 2010 notice. Defendants deny any remaining allegations of this paragraph.

99.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants admit that Kidwai has paid tuition to SMU and has not received a medical degree from SMU. Defendants lack information sufficient to form a belief as to the truth of the allegations regarding what Kidwai may have relied upon, and whether or not Kidwai performed arduous tasks. Defendants deny any remaining allegations of this paragraph.

100.     To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

**Count V: For Declaratory and or Injunctive Relief as Against the Defendant School and the Defendant Board of Trustees**

101.     Defendants repeat and incorporate by reference their responses to allegations in paragraphs 1-56.

102.     Defendants admit that in May 2010, SMU notified Kidwai that it added passing the USMLE Step 2 exams as a requirement for graduation for students graduating on or after August 15, 2010. Defendants deny that they acted wrongfully and deny any remaining allegations of this paragraph.

103.     Defendants admit that the May 2010 notice indicated that all students who do not pass the USMLE Step 2 exams within twelve months after the completion of clinical rotations or three unsuccessful attempts would be withdrawn from SMU's M.D. program, although Kidwai subsequently was informed that he was not limited to passing within twelve months or three attempts. Defendants deny that they threatened Kidwai, and deny any remaining allegations of this paragraph.

104.     Defendants admit that Kidwai did not comply with the USMLE Step 2

- 14 -

exams graduation requirement. Defendants deny any remaining allegations of this paragraph.

105.    Defendants admit that Kidwai has not been withdrawn from SMU's M.D. program. Defendants deny that Kidwai has been left in "limbo" and deny any remaining allegations of this paragraph.

106.    To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

107.    Defendants lack information sufficient to form a belief as to the truth of the allegations regarding what Kidwai believes or thinks. Defendants admit that the parties have opposing views as to whether Kidwai is presently entitled to a degree from SMU, but deny any remaining allegations of this paragraph.

## Count VI: For Temporary Injunctive Relief as Against the Defendant School and the Defendant Board of Trustees

108.    Defendants repeat and incorporate by reference their responses to allegations in paragraphs 1-56.

109.    Denied.

110.    To the extent the allegations of this paragraph consist of conclusions of law, no response is required. Defendants deny any remaining allegations of this paragraph.

## Affirmative Defenses

1.    Kidwai's complaint fails to state a claim for breach of contract because Defendants' alleged actions were neither arbitrary nor capricious but rather were a proper exercise of educational responsibility and did not breach any contractual obligation

- 15 -

between defendants and Kidwai.

2.      Kidwai's complaint fails to state a claim for fraud or negligent misrepresentation because he fails to allege how the alleged misstatements were false and misled him.

3.      Kidwai's complaint fails to state a claim for breach of fiduciary duty against the Trustees because they owed no fiduciary duty to Kidwai.

4.      Kidwai's complaint fails to state a claim for promissory estoppel against the Trustees because Kidwai cannot prove by clear and convincing evidence that the Trustees made any representation or promise to Kidwai that would reasonably induce action or forbearance.

5.      The Trustees are not personally liable for damages to Kidwai for actions taken by SMU or by the Trustees in their official capacity under Florida's business judgment rule and because allegedly tortious actions of a corporation do not impute liability to directors or trustees by reason of their official character.

### Jury Demand

Defendants demand a trial by jury on all claims so triable.

ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE and
THE BOARD OF TRUSTEES OF
ST. MATTHEW'S UNIVERSITY
SCHOOL OF MEDICINE

/s/ Daryl J. Lapp

Daryl J. Lapp, Mass. Bar No. 554980
(Admitted *Pro Hac Vice*)
EDWARDS WILDMAN PALMER LLP
111 Huntington Ave.
Boston, Massachusetts 02199
(617) 239-0100 (telephone)
(617) 227-4420 (facsimile)
dlapp@edwardswildman.com

Joseph D. Rutkowski, Mass. Bar No. 681997
(Admitted *Pro Hac Vice*)
EDWARDS WILDMAN PALMER LLP
111 Huntington Ave.
Boston, Massachusetts 02199
(617) 239-0100 (telephone)
(617) 227-4420 (facsimile)
jrutkowski@edwardswildman.com

Simeon D. Brier, Florida Bar No. 525782
EDWARDS WILDMAN PALMER LLP
525 Okeechobee Blvd., Suite 1600
West Palm Beach, Florida 33401
(561) 833-7700 (telephone)
(561) 655-8719 (facsimile)
sbrier@edwardswildman.com

## CERTIFICATE OF SERVICE

On November 2, 2012, I filed the foregoing document with the Clerk of the Court electronically using CM/ECF, which effectuated service upon counsel of record for each other party.

/s/ Daryl J. Lapp
Daryl J. Lapp, BBO # 554980
(Admitted *Pro Hac Vice*)